UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE HICKINGBOTTOM, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HOBBS SERGEANT; G.E.O. ) <br> CORRECTIONAL OFFICER, ) <br> SHELTON OFFICER; G.E.O. ) <br> CORRECTIONAL OFFICER, ) <br> BECKER OFFICER; G.E.O. ) <br> CORRECTIONAL OFFICER, ) <br> REECE LIEUTENANT; G.E.O. ) <br> CORRECTIONAL OFFICER, ) <br> MONZA OFFICER; G.E.O. ) <br> CORRECTIONAL OFFICER, ) <br> HIPPEL Doctor for Corizon Health, ) <br> JOHNSON Nurse for Corizon Health, ) <br> T. WOMACK Nurse for Corizon Health, ) <br> MILLER MS., Health Care Administrator for ) <br> Corizon Health, ) <br> JOHN DOE Eye Doctor for Corizon Health, ) <br> ) <br> Defendants. ) | No. 1:16-cv-01878-TWP-MPB |

**Entry Discussing Complaint, Severing Misjoined Claims,
and Directing Further Proceedings**

Plaintiff Michael Dewayne Hickingbottom, an inmate at the New Castle Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights when they exercised excessive force against him and displayed deliberate indifference to his serious medical needs.

**II. Screening of the Complaint**

Because Hickingbottom is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a]

complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Hickingbottom claims that defendants Lieutenant Reece, Sergeant Hobbs, and Officers Shelton, Mozo, and Becker subjected him to unconstitutionally excessive force by attacking and injuring him when he was not resisting. This claim **shall proceed** as a claim that these defendants violated Hickingbottom's Eighth Amendment right to be free of cruel and unusual punishment.

## II. Severance of Misjoined Claims

Hickingbottom also alleges in his complaint that he has not received and still is not receiving adequate medical care for his injuries. These claims must be severed from the claim for excessive force.

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." Rule 18 allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. Here, the claims of excessive force and the claims of inadequate medical care relate to different actions by different parties and are for this reason improperly joined.

In such a situation, "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). That is the remedy which will be applied to the complaint.

Consistent with the foregoing, the claims against Keith Butts, Dr. Hippel, Nurse Johnson, Nurse Womack, Ms. Miller, and John Doe Eye Doctor are **severed from the original complaint.** Therefore, one new civil action from the Indianapolis Division shall be opened, consistent with the following:

    a.    Michael Dewayne Hickingbottom shall be the plaintiff the newly opened action.

    b.    The Nature of Suit in the newly opened action shall be 555.

    c.    The Cause of Action of the newly opened action shall be 42:1983pr.

    d.    The complaint in this action shall be filed and re-docketed as the complaint in the newly opened action. Hickingbottom's request to proceed *in forma pauperis* shall likewise be filed and re-docketed in the newly opened action.

    e.    A copy of this Entry shall be docketed in the newly opened action.

    f.    This action and the newly-opened action shall be shown with each other as linked actions.

    g.    The defendants in the newly opened action shall be Keith Butts, Dr. Hippel, Nurse Johnson, Nurse Womack, Ms. Miller, and John Doe Eye Doctor.

    h.    The assignment of judicial officers shall be by random draw.

Once the new civil action is opened, that case will be subject to the screening requirement of 28 U.S.C. § 1915A and Hickingbottom will be responsible for the filing fee for the newly opened action.

### III. Further Proceedings

This case is proceeding against Lieutenant Reece, Sergeant Hobbs, and Officers Shelton, Mozo, and Becker. The **clerk shall terminate** defendants Keith Butts, Dr. Hippel, Nurse Johnson, Nurse Womack, Ms. Miller, and John Doe Eye Doctor as defendants in this case.

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Lieutenant Reece, Sergeant Hobbs, and Officers Shelton, Mozo, and Becker in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 8/19/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL DEWAYNE HICKINGBOTTOM
147099
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Lieutenant Reece
Sergeant Hobbs
Officer Shelton
Officer Mozo
Officer Becker
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362